IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD STARKEY,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-00525
Judge George C. Smith
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, Petitioner's Motion for Expansion of Record Pursuant to Rule 7, Respondent's Response in Opposition, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 4) be **GRANTED** and that this action be **DISMISSED**. In addition, it is recommended that Petitioner's Motion for Expansion of Record Pursuant to Rule 7 (Doc. 5) be **DENIED.**

## FACTS AND PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 29, 2014, the Licking County Grand Jury indicted appellant, Donald Starkey, on six counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04 and three counts of sexual imposition in violation of R.C. 2907.06. Said charges arose from incidents involving a thirteen year old child.
>
> On September 3, 2014, appellant pled guilty to three of the unlawful sexual conduct counts and all three of the sexual imposition counts. The remaining three counts were dismissed.

> On September 24, 2014, appellant filed a Crim.R. 32.1 motion to withdraw his guilty pleas, claiming he changed his mind and wanted a trial because he strongly felt he was not guilty of the charges. A hearing was held on September 26, 2014. During the hearing, appellant withdrew his motion to withdraw his guilty pleas.
>
> A sentencing hearing was held on October 13, 2014. By judgment entry filed same date, the trial court sentenced appellant to three years on each of the unlawful sexual conduct counts, to be served consecutively, for a total aggregate term of nine years in prison. The trial court also sentenced appellant to sixty days on each of the sexual imposition counts, to be served concurrently with the nine year sentence.
>
> Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
>
> I
>
> "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO FULLY INQUIRE INTO THE DEFENDANT–APPELLANT'S REQUEST TO WITHDRAW HIS PREVIOUSLY ENTERED GUILTY PLEAS."
>
> II
>
> "THE SENTENCING OF THE APPELLANT WAS IN ERROR."

*State v. Starkey*, No. 14-CA-92, 2015 WL 4624544, at *1 (Ohio Ct. App. 2015). On July 31, 2015, the appellate court affirmed the judgment of the trial court, *id.*, and the Ohio Supreme Court declined to accept jurisdiction of the appeal on December 2, 2015. *State v. Starkey*, 41 N.E.3d 448 (Ohio 2015).

On June 10, 2016, Petitioner filed the instant *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He asserts that the trial court improperly failed to inquire into his reasons for requesting to withdraw his guilty plea by failing to hold a hearing or examine a possible conflict between Petitioner and his attorney (claim one); and that his sentence

2

is contrary to federal law because his penalty was enhanced in violation of the Ex Post Facto Clause, and he was sentenced pursuant to an unconstitutional sentencing scheme or legislation (claim two). It is the position of the Respondent that this action should be dismissed, because Petitioner has failed to present cognizable claims for relief and has waived any federal issue for habeas corpus review.

## STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the familiar standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case. The United State Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*,--U.S.--, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted)).

AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under AEDPA, the factual findings of the state court are presumed to be correct:

3

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). The United States Court of Appeals for the Sixth Circuit recently explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

## DISCUSSION

**I.     Motion to Expand Record (Doc. 5)**

As an initial matter, Petitioner seeks to expand the record to include affidavits he has attached to the Petition. He contends that these documents will assist him in establishing his actual innocence of the charges or are otherwise relevant to this Court's resolution of this case. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts governs expansion of a habeas record. It provides:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 7 permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition. Expansion pursuant to Rule 7, under the language of that Rule, therefore contains only a relevancy limitation. That is, the materials a petitioner seeks to include need only be relevant to the determination of the merits of the constitutional claims in order to be added to the record. The decision of whether to order Rule 7 expansion is within the Court's sound discretion. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988) (holding that record expansion is left to discretion of the district court).

Here, Respondent maintains that Petitioner has waived his claims for relief or failed to present issues appropriate for federal habeas corpus review. Because that is the case, the

affidavits that Petitioner has submitted will not assist this Court in deciding these issues. Moreover, it does not appear that the affidavits he refers to have ever been presented to the state courts in support of his claims. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

In sum, because the affidavits Petitioner seeks to admit are not be relevant to this Court's resolution of Respondent's Motion to Dismiss, the undersigned recommends that Petitioner's motion to expand the record (Doc. 5) be **DENIED.**

## II. Motion to Dismiss (Doc. 4)

Respondent has moved to dismiss the entire Petition in this matter. (*See generally* Doc. 4).

### A. Claim One

In claim one, Petitioner asserts that the trial court improperly failed to inquire into his reasons for requesting to withdraw his guilty plea. However, as Respondent has argued in the Motion to Dismiss, Petitioner's allegations regarding a desire to withdraw his guilty plea raise only state-law claims, which are not subject to review in this federal habeas proceeding.

A federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, law, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding that a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law"). "A state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty plea." *See, e.g.*, *Gibson v. Warden, Hocking Corr. Facility*, No. 1:10cv8, 2011 U.S. Dist. LEXIS 40160, 2011 WL 1429099, at *5 (S.D. Ohio Feb. 23, 2011) (citing *Dickey v.*

*Warden, Lebanon Corr. Inst.*, No. 1:08cv819, 2010 U.S. Dist. LEXIS 779, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010). Instead, "the decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief." *Gibson*, 2011 WL 1429099, at *5 (quoting *Dickey*, 2010 WL 92510, at *8); *see also United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109–10 (2d Cir. 1970); *Akemon v. Ohio Adult Parole Auth.*, No. 1:13-cv-407, 2014 WL 4908914, at *43–54 (S.D. Ohio July 3, 2014). The decision whether to hold a hearing on a motion to withdraw a guilty plea likewise does not present a claim cognizable in habeas because "[a] criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea." *Moorer v. Warden, Marion Corr. Facility*, No. 1:11CV1079, 2012 U.S. Dist. LEXIS 116150, at *4 (N.D. Ohio July 23, 2012) (citing *Hines v. Miller*, 318 F.3d 157, 162 (2d Cir. 2003)).

Petitioner thus has failed to establish that the state court's actions regarding his guilty plea were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.[1]

### B. Claim Two

In claim two, Petitioner asserts that his sentence violates the Ex Post Facto Clause and that he was sentenced pursuant to an unconstitutional sentencing scheme or legislation. Petitioner, however, failed to present such federal issues to the state appellate court, and Respondent argues that Petitioner thus has procedurally defaulted these claims. (Doc. 4 at 18–21).

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). In order to satisfy the exhaustion

---

[1] Respondent also argues claim one is procedurally defaulted. (Doc. 4 at 16–18). The Court, however, does not reach this question because claim one is otherwise not cognizable in habeas.

requirement in habeas corpus, a petitioner must fairly present the substance of each constitutional claim to the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Although the fair presentment requirement is not jurisdictional, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment.

In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Importantly, general allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.* If a petitioner has not fairly presented his claims and a state remedy still exists for him to do so, then his habeas corpus petition should be dismissed for want of exhaustion. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996). However, if a return to state court would be futile, a habeas court need not wait for a petitioner's claims to be exhausted. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court and no avenue of relief remains open, or if it would otherwise be futile for a petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48.

In this case, Petitioner argued before the state appellate court that the trial court had improperly imposed consecutive terms of incarceration under Ohio law. (*See* Doc. 4-1, PageID# 161–63.)  His claim was based solely on state law. (*See id.*)  He never referred to the Ex Post Facto Clause or to any other federal constitutional issues.  Nor did he refer to any federal case or state court case employing federal constitutional analysis in support of his claim.  He now has no state remedies to pursue.  The claims he asserts in his Petition would have to have been asserted on direct appeal.  Because he did not do so, his claims are now foreclosed by procedural default.

When a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.  A petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial

disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest that any factor external to the defense precluded him from raising this claim in a state-court filing. Thus, Petitioner does not meet the cause-and-prejudice standard. However, because that standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495–96). Upon review of the record, the undersigned concludes that is not the case here.

Moreover, even if Petitioner's procedural default could be excused, claim two is without merit. Claim two challenges Ohio's sentencing scheme and the ultimate sentence the trial court imposed. Some of this claim raises pure state-law issues. (*See, e.g.*, Doc. 1 at 8 (asserting that Petitioner's sentence violates Ohio's single-subject rule)). As explained, state-law claims are not cognizable in habeas. *Supra* at 6 (citing 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Likewise, alleged errors in applying state procedural rules are not cognizable in habeas. *Simpson v. Jones*, 238 F.3d 399, 406–07 (6th Cir. 2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th 1988).

Finally, to the extent Petitioner argues that the trial court judge lacked authority to impose a consecutive sentence, the Supreme Court has made clear that states have the power to entrust judges, rather than juries, to impose consecutive sentences. In *Oregon v. Ice*, 555 U.S. 160 (2009), the United States Supreme Court noted that most States continue the common law

10

tradition of entrusting to sentencing judges the "unfettered discretion" to determine whether a sentence should be imposed consecutively or concurrently. *Id.* at 163.

> In some States, sentences for multiple offenses are presumed to run consecutively, but sentencing judges may order concurrent sentences upon finding cause therefor. Other States, including Oregon, constrain judges' discretion by requiring them to find certain facts before imposing consecutive, rather than concurrent, sentences. It is undisputed that States may proceed on the first two tracks without transgressing the Sixth Amendment. The sole issue in dispute, then, is whether the Sixth Amendment, as construed in *Apprendi* and *Blakely,* precludes the mode of proceeding chosen by Oregon and several of its sister States. We hold, in light of historical practice and the authority of States over administration of their criminal justice systems, that the Sixth Amendment does not exclude Oregon's choice.

*Id.* In short, the imposition of consecutive sentences does not implicate the Sixth Amendment. Thus, "a state may allow courts unfettered discretion to impose consecutive sentences or it may limit that authority without violating the Sixth Amendment." *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010).

At base, Petitioner has failed to show that the state court's decision regarding his sentence was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Accordingly, even if claim two were not foreclosed by procedural default, it would fail on the merits.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that Petitioner's Motion for Expansion of Record Pursuant to Rule 7 (Doc. 5) be **DENIED**, and that Respondent's Motion to Dismiss (Doc. 4) be **GRANTED** and that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 27, 2017                               /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE