# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DONALD STARKEY,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-00525
Judge George C. Smith
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Peremptory Writ of Mandamus Pursuant to 28 U.S.C.S. § 1651. For the reasons that follow, it is **RECOMMENDED** that the Writ be **DENIED**.

### I. BACKGROUND

On June 6, 2016, Petitioner Donald Starkey, a state prisoner, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a Motion to Dismiss on September 15, 2017 (Doc. 4) and Petitioner filed a Motion for Expansion of Record Pursuant to Rule 7 on September 29, 2017 (Doc. 5), followed by a Declaration of Support for this Motion on October 5, 2016 (Doc. 6). Respondent filed its Response in Opposition to the Motion for Expansion on October 13, 2016. (Doc. 7). Upon consideration of the Petition and pending motions, the undersigned recommended on January 27, 2017, that Respondent's Motion to Dismiss be granted, that Petitioner's Motion for Expansion be denied, and that this action be dismissed. (Doc. 8). On February 13, 2017, Judge George C. Smith adopted and affirmed the undersigned's order and dismissed the action. (Doc. 9).

Petitioner's latest filing before the Court, a Peremptory Writ of Mandamus Pursuant to 28 U.S.C.S. § 1651, was filed on September 15, 2017. (Doc. 11). Petitioner states that the Clerk of Courts for the United States District Court Southern District of Ohio has unlawfully refused to send him file-stamped copies of his Petition and Declaration. Because this refusal, according to Petitioner, "was a simple, definite duty arising under conditions that are virtually undisputed and indisputable, mandamus is the proper means of rectifying the error." (*Id.* at 1–6). Petitioner attaches a letter from the Clerk's Office explaining that the cost of copies is $0.50 per page, so in order to receive a copy of the Petition and Declaration (totaling 94 pages), he first needs to submit $48.00. (*Id.* at 10). However, Petitioner argues that he should not have to pay the copying fee because he allegedly supplied an extra copy of the Petition at the time of filing that was to be file-stamped and returned to him. (*Id.* at 14, 15). Indeed, in an "Affidavit of Verity" attached to Petitioner's current Writ, he states that he "provided 3 copies of all my personal filings[.]" (*Id.* at 19). Petitioner ultimately asks that this Court "issue a writ of mandamus directing the Clerk of the District Court of the United States to submit to petitioner the requested documentation he has so eagerly and diligently pursued." (*Id.* at 6).

## II. DISCUSSION

The All Writs Act of 28 U.S.C. § 1651, provides in relevant part:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The issuance of a writ "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380, 124 S. Ct. 2576, 2586, 159 L. Ed. 2d 459 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947)). It "is to be used 'sparingly and only in the most critical and

exigent circumstances.'" *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305–06, 125 S. Ct. 2, 3–4, 159 L. Ed. 2d 805 (2004) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313, 107 S.Ct. 682, 93 L.Ed.2d 692 (1986)); *see also Will v. United States*, 389 U.S. 90, 95–96, 88 S. Ct. 269, 273–74, 19 L. Ed. 2d 305 (1967) (describing the peremptory writ as one of "the most potent weapons in the judicial arsenal").

In *Will v. United States*, the Supreme Court elaborated on when a peremptory writ of mandamus is warranted:

> The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26, 63 S.Ct. 938, 941 (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945). Thus the writ has been invoked where unwarranted judicial action threatened 'to embarrass the executive arm of the government in conducting foreign relations,' *Ex parte Republic of Peru*, 318 U.S. 578, 588, 63 S.Ct. 793, 799, 87 L.Ed. 1014 (1943), where it was the only means of forestalling intrusion by the federal judiciary on a delicate area of federal-state relations, *State of Maryland v. Soper*, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926), where it was necessary to confine a lower court to the terms of an appellate tribunal's mandate, *United States v. United States Dist. Court*, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948), and where a district judge displayed a persistent disregard of the Rules of Civil Procedure promulgated by this Court, *La Buy v. Howes Leather Co* . . . And the party seeking mandamus has the burden of showing that its right to issuance of the writ is 'clear and indisputable.'

389 U.S. at 95–96 (internal citations and quotations omitted).

In light of these considerations and criteria, the circumstance Petitioner describes does not justify the invocation of the extraordinary remedy of issuing a writ in this case. *See Will*, 389 U.S. at 98. Petitioner does not allege unwarranted judicial action that threatens to embarrass the executive arm, nor is a writ necessary to forestall intrusion by the federal judiciary on a delicate area of federal-state relations. Instead, Petitioner seeks copies of his filings from the clerk—a

situation that surely does not justify utilization of one of the most potent weapons in the judicial arsenal.

In closing, the undersigned notes that Rules Governing Section 2254 Cases provide that "[a]n original and two copies of the petition must be filed with the clerk[.]" Rule 3(a). Petitioner states in his affidavit that he filed three copies of his Petition with the clerk, and thus there was an extra copy that should have been file-stamped and returned to him. By Petitioner's own admission, it appears that Petitioner did not submit an extra copy of his Petition to be file-stamped and returned, because three copies were required at the time of filing. Thus, if Petitioner wishes to receive a copy of his Petition and Declaration, the appropriate remedy is for him to provide the required $48.00 copying fee—not a writ of mandamus pursuant to 28 U.S.C. § 1641.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's Peremptory Writ of Mandamus Pursuant to 28 U.S.C.S. § 1651 (Doc. 11) be **DENIED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 19, 2017                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE